# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**KATHLEEN SPEED**                                                                              **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO.1:06CV318 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**
**and JAMES KELLY CANNON**                                                                      **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it two motions [7] [31] Defendant James Kelly Cannon's (Cannon) has filed seeking dismissal of Plaintiff Kathleen Speed's (Speed) complaint against him. The Court also has before it a motion [8] to remand. By order entered on August 1, 2006, I modified the stay in this action to allow the parties to take discovery related to these motions. Since I will be considering evidence outside the pleadings, I will treat Cannon's motions to dismiss [7] [31] as motions for summary judgment.

The question that is central to all three of these motions is whether Speed has alleged sufficient facts, supported by appropriate evidentiary materials, to create genuine issues of material fact in support of her cause of action against Cannon.

This case arises from the property damage Speed sustained during Hurricane Katrina. Speed's property was insured under a homeowners policy issued by State Farm Fire and Casualty Company (State Farm). Speed did not have a flood insurance policy, and her State Farm policy excludes flood damage.

In her state court complaint Speed alleged that Cannon, acting as an agent for State Farm, made representations to her indicating that she did not need to purchase flood insurance. Speed alleged that she reasonably relied upon these representations and that she was led to believe, by these representations, that her property was covered by adequate insurance against hurricane damage. (Complaint Paragraph 11)

Defendant Cannon has submitted an affidavit (Attachment 1 to the defendants' Memorandum in Opposition to the Motion To Remand) indicating that Speed's policy was sold some six years before he became a State Farm agent. It was Cannon's affidavit that led me to open discovery to more fully develop the facts concerning the representations Speed alleged in her state court complaint.

In her response [32] to Cannon's motion to dismiss, Speed acknowledges, through her counsel, that she "never discussed specific homeowners policy provisions, including a water damage exclusion or the issue of flood insurance, with Agent Cannon." Speed's only remaining contention is that "she expected Agent Cannon to advise her if her homeowners coverage was not sufficient for all possible damages caused by a hurricane." Based upon this contention, Speed alleges that Cannon "failed to procure adequate coverage" for her.

In addition to the Cannon's affidavit, State Farm has submitted a Renewal Certificate (Attachment 2 to the defendants' Memorandum in Opposition to the Motion To Remand) addressed to the plaintiff and bearing a preparation date of February 28, 2005. The second page of this Renewal Certificate states: "If you have a need for Flood insurance, contact your agent to determine if you are eligible for coverage through the National Flood Insurance Program. A separate application is required."

In light of Speed's acknowledgment that Cannon made no representations to her concerning her homeowners coverage or concerning flood coverage, I am of the opinion that there are insufficient facts in this record to support a claim against Cannon individually. Accordingly, I will treat Cannon's motions [7] [31] as motions for summary judgment; I will grant the motion; and I will enter summary judgment in favor of Cannon. He will be dismissed as a defendant in this action. An appropriate order and judgment will be entered.

Cannon's dismissal will require a denial of the plaintiff's motion [8] to remand. The other pending motions [11] [12] [21] [29] [30] for extensions of time to file various documents related to these motions will be denied as moot.

**DECIDED** this 8th day of March, 2007.

s/ **L. T. Senter, Jr.**

L. T. Senter, Jr.
Senior Judge